[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S SECOND SPECIAL DEFENSE
In her December 11, 2000 amended complaint, plaintiff, Anne L. Yolles seeks injunctive relief and damages against the defendant, Golf Club of Avon, of which she is a member, for alleged discriminatory practices in CT Page 3826 operating its golf club and tournaments in violation of general statutes § 52-571d (b), (c) and (d). The defendant answered the plaintiffs amended complaint and raised three special defenses, the second of which alleges failure to mitigate damages. This special defense alleges that the plaintiff became a member of the defendant club in 1998, was aware that the defendant scheduled gender specific tournaments, yet failed to file the present action until days before the completion of the 2000 golf season and therefore that any damages suffered by the plaintiff were caused by her unreasonable delay in bringing this action.
The plaintiff has moved to strike the defendant's second special defense, claiming that mitigation of damages should not be pleaded as a special defense because it goes to damages rather than liability and fails to demonstrate the plaintiffs inability to support a claim for relief. The defendant, conversely, argues in its opposition brief that pleading failure to mitigate damages has been approved by several Superior Courts as an appropriate special defense because it serves a useful purpose in apprising litigants of potential issues in a case.
Currently, there is a split of authority among Superior Court decisions on the question of whether failure to mitigate damages should be pleaded as a special defense. See, e.g., Profitec, Inc. v. FKI Industries, Inc.,
Superior Court, judicial district of New Haven at New Haven (November 22, 2000, Devlin, J.) (holding that mitigation of damages is a valid special defense); Buitekant v. Zotos Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135874 (February 20, 1996, Karzazin, J.) (same). But see Union Savings Bank of Danbury v.Barry, Superior Court, judicial district of Danbury, Docket No. 320962 (March 14, 1996, Moraghan, J.) (holding that failure to mitigate damages is an improper special defense); Zahner v. Schiano, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 137212 (June 15, 1995, Lewis, J.) (same)." Pinho v. Daly, Superior Court, judicial district of New Britain at New Britain, Docket No. 500895 (May 3, 2001, Shapiro, J.) (footnote five).
This Court has previously observed that "while no great harm would result by permitting these special defenses to remain in the case, and some judges have so permitted them, the better practice seems to require that such issues be raised and pleaded under a simple denial . . ."Silvernail v. Barsalou, Superior Court, judicial of Hartford-New Britain at Hartford, Docket No. 513412 (December 10, 1992, Wagner, J.)
(8 Conn. L. Rptr. 70, 71).
The plaintiff's motion to strike the defendant's second special defense is granted. CT Page 3827
____________________ Wagner J., TJR [EDITORS' NOTE: CT Page 3828 to 3833 are blank.] CT Page 3834